1C



# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

RECEIVED

SEP 30 2026 LD

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**Christy Golden,**
Plaintiff,

v.

**Amazon.com Services LLC,**
Defendant.

Case No. ____________________

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

1:26-cv-11973
Judge Sara L. Ellis
Magistrate Judge M. David Weisman
RANDOM / Cat. 2

**1.** This is an action for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended.

**2.** Plaintiff Christy Golden resides in Hammond, Lake County, Indiana. Her mailing address is 1234 170th St., Hammond, IN 46324.

**3.** Defendant Amazon.com Services LLC employed Plaintiff at its ORD5 fulfillment center located at 7000 Vollmer Rd., Matteson, IL 60443.

**4.** Plaintiff previously worked for Amazon during an earlier period of employment, and Amazon's records continued to reflect her earlier company tenure date. Plaintiff began the period of employment at ORD5 that is the subject of this lawsuit on January 6, 2024, as a reduced-time Warehouse Associate in the Stow department.

**5.** Plaintiff is Black/African-American.

**6.** During October 2025, Plaintiff complained to Amazon management and Human Resources that she believed she was being subjected to race discrimination and discriminatory treatment by supervisor Rachel Arce.

**7.** Plaintiff alleges that Rachel Arce repeatedly treated her differently in work assignments and station placement, including directing Plaintiff away from work areas while treating other employees differently.

**8.** Plaintiff alleges that manager Felicia Plumer/Plummer had discussed complaints concerning Rachel Arce and later confirmed to Plaintiff that no investigation of Plaintiff's discrimination complaint was being conducted.

**9.** Plaintiff had a personal friendship outside work with coworker Vanessa Ramirez. On or about October 3, 2025, Plaintiff and Ramirez exchanged private text messages outside the workplace. Plaintiff denies threatening Ramirez and denies that the private conversation constituted unlawful workplace harassment.

**10.** Plaintiff alleges that after Ramirez showed the private messages to Rachel Arce, the messages were used against Plaintiff while Plaintiff's discrimination complaint was not meaningfully investigated.

**11.** Plaintiff reported her discrimination concerns to David Salinas in Amazon HR/PXT. During an October 8, 2025 conversation, Salinas asked Plaintiff whether she felt she had been discriminated against, and Plaintiff answered yes.

**12.** Plaintiff alleges that Amazon thereafter focused on allegations against Plaintiff rather than conducting a fair and meaningful investigation of the race-discrimination complaint she had made.

**13.** On October 24, 2025, Amazon terminated Plaintiff's employment. Amazon stated that Plaintiff had engaged in discriminatory behavior, made comments concerning a colleague's English proficiency, and used threats or intimidation. Plaintiff denies threatening a coworker and alleges that Amazon's stated reasons were false, exaggerated, selectively applied, and/or pretextual.

**14.** Plaintiff alleges that the close timing between her discrimination complaint and termination, Amazon's failure to meaningfully investigate her complaint, and the circumstances surrounding the discipline and termination support an inference that she was terminated because of race and in retaliation for opposing discrimination.

**15.** Plaintiff challenged Amazon's misconduct allegations in an unemployment proceeding. Plaintiff alleges that an Administrative Law Judge reversed the initial denial of benefits and found that misconduct had not been established.

**16.** Plaintiff filed EEOC Charge No. 440-2026-00625, asserting race discrimination and retaliation. The charge was dual-filed with the Illinois Department of Human Rights.

**17.** On July 22, 2026, the EEOC issued a Determination and Notice of Rights stating that the EEOC would not proceed further with its investigation and made no determination whether further investigation would establish a statutory violation. The EEOC issued Plaintiff a Notice of Right to Sue.

**18.** Plaintiff received the EEOC Notice of Right to Sue on July 22, 2026 through the EEOC Public Portal. This action is filed within 90 days of receipt.

## COUNT I - RACE DISCRIMINATION (TITLE VII)

**19.** Plaintiff incorporates paragraphs 1-18. Plaintiff alleges that Defendant subjected her to disparate treatment and terminated her employment because of her race, in violation of Title VII.

## COUNT II - RETALIATION (TITLE VII)

**20.** Plaintiff incorporates paragraphs 1-19. Plaintiff engaged in protected activity by complaining about race discrimination. Plaintiff alleges Defendant thereafter subjected her to adverse treatment and terminated her because she opposed discrimination, in violation of Title VII.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests all relief allowed by law, including back pay and lost benefits; front pay or other appropriate equitable relief; compensatory damages; punitive damages to the extent permitted by law; prejudgment and post-judgment interest; costs; appropriate injunctive relief; and such other relief as the Court deems just and proper.

Respectfully submitted,

Christy Golden ______________________

Christy Golden, Plaintiff, pro se
1234 170th St., Hammond, IN 46324
Telephone: 773-299-5409
Email: Bett11904@gmail.com
Date: 09/24/2026 ______________________

# EXHIBIT A

## EEOC CHARGE OF DISCRIMINATION AND DETERMINATION AND NOTICE OF RIGHTS

The following documents are attached as Exhibit A: EEOC Charge No. 440-2026-00625 and the July 22, 2026 Determination and Notice of Rights.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
| --- | --- |
| EEOC<br>Illinois Department Of Human Rights | 440-2026-00625 |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Ms. Christy Golden

Phone No.: 773-299-5409
Year of Birth: 1985
Mailing Address: 1234 170th St
HAMMOND, IN 46324

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: AMAZON
No. Employees, Members: 501+ Employees
Phone No.:
Mailing Address: 7000 VOLLMER
MATTESON, IL 60443, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Race, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 10/03/2025
Latest: 10/24/2025

THE PARTICULARS ARE:

I began my employment with Respondent on or about December 9, 2020. My most recent position was Stower. During my employment, I complained of discrimination. On or about October 24, 2025, I was discharged.

I believe I was discriminated against because of my race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Ms. Christy Golden
03/26/2026

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

______________________________

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary______________________________

Printed Name ______________________________

# CP ENCLOSURE WITH EEOC FORM 5 (06/24)

## PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).
2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/22/2026

**To:** Ms. Christy Golden
1234 170th St
HAMMOND, IN 46324
Charge No: 440-2026-00625

EEOC Representative and email: OLGA HARO
INVESTIGATOR
OLGA.HARO@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2026-00625.

On behalf of the Commission,

Digitally Signed By:AMRITH AAKRE
07/22/2026

AMRITH AAKRE
DISTRICT DIRECTOR